12-471-cr
United States v. Culver

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
        *Chief Judge,*
    AMALYA L. KEARSE,
    SUSAN L. CARNEY,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    -v.-                        12-471-cr

LAURA CULVER,
    *Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - -

**FOR APPELLANT:**    RONALD B. RESETARITS *for* Terence S. Ward, Federal Defender, New Haven, CT.

**FOR APPELLEE:**    KRISHNA R. PATEL *for* David B. Fein, United States Attorney, District of Connecticut (Sandra S. Glover *on the brief*), Bridgeport, CT.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED and REMANDED.**

Laura Culver appeals from the order of the United States District Court for the District of Connecticut (Eginton, J.), sentencing her to serve 96 months in prison for producing child pornography of a minor child under her custody and control, in violation of 18 U.S.C. § 2251(a). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's sentencing decision for procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Booker, 543 U.S. 220, 260-62 (2005). Culver argues that her sentence is procedurally unreasonable because the district court made multiple references to Facebook, which had little to no application to the facts of her case; and that the sentence is substantively unreasonable because the judge gave outsized influence to Facebook, instead of other relevant factors.

Culver did not object to the district court's discussion of Facebook at the sentencing. Her "allegations concerning the court's improper consideration" of an extraneous factor "should be reviewed for plain error." U.S. v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011). "To establish plain error, [an] appellant must show there was (1) error (2) that is plain and (3) that affects substantial rights." Id. at 86-87.

In justifying its decision to impose a sentence of eight years instead of six, the district court referenced "Facebook, and things like it, and society has changed." Sentencing Hr'g Tr. 47-48, Jan. 30, 2012. The court speculated that the proliferation of Facebook would facilitate an increase in child pornography cases. The court said it hoped Mark Zuckerberg (who founded Facebook) was "enjoying all his money because . . . he's going to hurt a lot of people . . . ." Id. at 16-17.

Culver is correct that the court's lengthy discussion of Facebook had no clear connection to the facts of her case. It is plain error for a district court to rely upon its own unsupported theory of deterrence at sentencing, especially where, as here, that theory has little

application to the actual facts of the case itself.  See, e.g., Cossey, 632 F.3d at 88 ("It is uncontroversial to conclude that a sentencing decision that relies on factual findings that were unsupported in the record, and thus could not possibly have been established by a preponderance of the evidence, seriously affects the fairness, integrity, and public reputation of judicial proceedings."); United States v. Juwa, 508 F.3d 694, 701 (2d Cir. 2007) ("[F]actual matters considered as a basis for sentenc[ing] must have some minimal indicium of reliability beyond mere allegation.") (quotation omitted).  This error undoubtedly affected Culver's substantial rights; the court stated that it would have granted a sentence of six years if not for its concerns about Facebook and general deterrence.  See Sentencing Hr'g Tr. at 42 ("[W]hat we're looking at is general deterrence, and the general deterrence is very important, and frankly, that's why I went to eight [years] instead of six.").

The government argues that the district court was merely concerned about the extent to which various new technologies may facilitate child pornography, rather than Facebook specifically.  In that sense, Facebook was a

4

reference to the internet, using synecdoche.  But the government does not explain (because it cannot) the role of new technology *in this case.*  Culver did not use the internet to commit her crime, and it should not have played a predominant role in her sentencing.  The case is therefore remanded to the district court for resentencing consistent with this opinion.

This remand should not be construed to suggest that the sentence was substantively unreasonable.  An eight-year sentence was still a twenty percent reduction below the bottom of the recommended Guidelines range.  Though Culver assisted in the prosecution of her accomplice and boyfriend, Edgardo Sensi, her crime was particularly abhorrent.  Thus, a sentence of eight years was within the court's substantive discretion.  See, e.g., United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009) (explaining that a sentence must be "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" in order to be substantively unreasonable).  Still, that discretion should be exercised without the influence of procedural error.

1       Finding no merit in the remaining arguments, the
2  judgment is **VACATED AND REMANDED** for resentencing.
3
4
5                           FOR THE COURT:
6                           CATHERINE O'HAGAN WOLFE, CLERK
7
8